FERNÁNDEZ, PLAINTIFF AND APPELLEE, *v*. ORTIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages for Breach of Contract.

No. 2915.—Decided April 3, 1924.

CONTRACT—DAMAGES—BREACH OF CONTRACT—PUBLIC INSTRUMENT.—The fact that a contract of purchase and sale whose amount exceeds $300 does not appear in a public instrument as required by section 1247 of the Civil Code does not prevent the court from considering it valid in an action for damages for its breach. Judgment of the Supreme Court of Spain of June 18, 1902.

ID.—ID.—Section 1073 of the Civil Code allows a judgment in an action for damages for breach of contract against the defendant for indemnity to the plaintiff for what he lost as a consequence of the breach and also for the profit which he would have realized by its performance.

ID.—EVIDENCE.—As the transaction appeared from a letter written by the plaintiff to a certain company offering lumber for sale and from an order of the company for the delivery of the lumber, it can not be concluded that the court erred in refusing to strike out the testimony of the plaintiff regarding the said facts on the theory that it violated the rule that when a contract appears in writing the best evidence is the contract itself.

ID.—ID.—ADMISSION.—After the defendant had testified that he had made no contract with the plaintiff the latter called in rebuttal a witness who testified that the defendant had admitted in his presence that he had made the said contract. Opposition was made on the ground that in accordance with section 159 of the Law of Evidence the defendant should have been first asked whether he had made that statement and, if so, permitted to explain it. There was no violation of said section 159, because the purpose of this testimony was to prove an admission of the defendant on the main question in controversy, that is, whether he had contracted with the plaintiff as alleged by him in support of his claim.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Messrs. L. López Antongiorgi* and *R. Guillermety* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action for damages for breach of contract. The trial court adjudged that the defendant should pay to the plaintiff $1,000 damages and the costs, and from that judgment the defendant took the present appeal.

The first ground of appeal is that the judgment is not supported by the evidence. The evidence was contradictory

as to the existence of the contract for whose breach damages are claimed and the trial court adjusted the conflict against the defendant, wherein we find no error. And the fact that the said contract, although the amount exceeds $300, does not appear in writing, as required by section 1247 of the Civil Code, does not prevent the court from considering it in existence, as held by the Supreme Court of Spain in its judgment of June 18, 1902.

Nor was the said error committed in connection with the amount of the judgment, for although the plaintiff lost only $500 in the timber that he had to buy as a result of the breach of the contract by the defendant in order to be able to perform his contract with the Central Santa Juana, the other $500 is what he failed to earn under the first contract, and its recovery is authorized by section 1073 of the Civil Code.

The second ground of error is that the trial court did not strike out a certain part of the testimony of the plaintiff with regard to his contract with the Central Santa Juana.

The plaintiff and the defendant entered into a contract for the purchase and sale of some *hucar* trees, which the defendant afterwards failed to perform, and on the strength of that contract the plaintiff entered into another contract with the Central Santa Juana for the delivery to it of a certain number of *hucar* cross-ties. The plaintiff testified regarding his contract with the Santa Juana Central and the appellant contends that that part of his testimony should have been stricken out for the reason that the contract was in writing and the best evidence was the writing itself, and that this evidence was important because it was the basis of the recovery of $1,000, for without it no damages could have been found.

Not only was the motion to strike out made too late, because not made as soon as the witness said that there was a written contract, instead of long after when he had replied to a series of questions concerning other facts, but his

testimony does not show that there was an actual written contract with the Central Santa Juana, for it referred to a written offer to sell a certain amount of timber and an order of the Central Santa Juana for its delivery.

The third and fourth assignments are intimately connected, as both tend to show that the testimony of Rafael Más should not have been admitted.

After the defendant had testified that he had made no contract with the plaintiff the latter called in rebuttal witness Más who testified that the defendant had admitted in his presence that he had made the said contract. The objection was made on the ground that in accordance with section 159 of the Law of Evidence the defendant should have been first asked whether he had made that statement and, if so, permitted to explain it. There was no violation of said section 159, because the purpose of Más's testimony was to prove an admission of the defendant on the main question in controversy, that is, whether he had contracted with the plaintiff as alleged by him in support of his claim.

As to the last assignment concerning the costs, we believe that the trial court did not abuse its statutory discretion in allowing the costs.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.